[830 NYS2d 175]

In the Matter of JOSEPH MICHAEL RIZZO, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, January 16, 2007

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn, for petitioner.

*Nicholas C. Cooper*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Both the respondent's attorney, Nicholas C. Cooper, and the

Clerk of the New York State Supreme Court, Queens County, have apprised the Court of the respondent's conviction on August 28, 2006, of scheme to defraud in the first degree, in violation of Penal Law § 190.65 (1) (b), a class E felony.

The Grievance Committee now moves for an order striking the respondent's name from the roll of attorneys based upon his felony conviction, pursuant to Judiciary Law § 90 (4).

On August 28, 2006, the respondent entered a plea of guilty before the Honorable Arthur A. Cooperman of the Supreme Court, Queens County, to the crime of scheme to defraud in the first degree. He was sentenced to a three year conditional discharge and fined the sum of $25,000.

Based on the respondent's felony conviction, he ceased to be an attorney and counselor-at-law pursuant to Judiciary Law § 90 (4) (a) and was automatically disbarred.

The respondent has submitted an affidavit in support of the Grievance Committee's motion to strike his name from the roll of attorneys. He notes that the criminal charges to which he ultimately pleaded guilty were pending for several years and that he fully cooperated with prosecuting authorities.

In anticipation of the entry of his plea and fully aware that he would thereupon lose his ability to continue practicing law, the respondent closed his office and either concluded pending cases or arranged for transfer of them to substitute counsel.

The respondent avers that he has complied with the rules governing the conduct of disbarred, suspended or resigned attorneys and is prepared to file an affidavit of compliance within 10 days after his receipt of that order in accordance with 22 NYCRR 691.10 (f). He consents to the granting of the Grievance Committee's motion.

Pursuant to Judiciary Law § 90 (4), an attorney who has been convicted of a New York State felony is disbarred by operation of law. Accordingly, the Grievance Committee's motion to strike the respondent's name from the roll of attorneys is granted.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and RITTER, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph Michael Rizzo, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Joseph Michael Rizzo, shall comply with this Court's rules governing the conduct of

disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph Michael Rizzo, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law ọr its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Joseph Michael Rizzo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).